

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-6-13

DEPUTY CLERK

along w/ a CV 69 was mailed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VIESCA, | Case No. CV 13-0651-MWF (RNB) |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| R. GROUNDS, Warden, | |
| Respondent. | |

The Court's review of the Petition for Writ of Habeas Corpus, filed herein on January 30, 2013, reveals that it suffers from the following deficiencies:

1. Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, Grounds One and Three of the Petition are not even framed as federal constitutional claims. Moreover, to the extent petitioner merely is claiming in Ground Three that the trial court misapplied California sentencing law, his claim would not be cognizable on federal habeas review even if reframed as a federal constitutional claim. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (the determination whether a prior conviction qualifies for a sentence enhancement under California law is not a

cognizable federal claim); see also, e.g., Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.), cert. denied, 514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993).

2. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, it does not appear from the Court of Appeal decision found on the California Appellate Courts website that petitioner raised a federal due process claim based on instructional error corresponding to Ground Two of the Petition on direct appeal. If not, then even if petitioner raised such a federal due process claim in his Petition for Review, the claim would not be

exhausted. See Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that the submission of a new claim to a state's highest court on discretionary review does not constitute "fair presentation" for purposes of satisfying the exhaustion requirement); Casey v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that a state prisoner had not exhausted his claims by presenting them for the first and only time in a petition for discretionary review with the state's highest court). The Court also notes that, even if Ground Three of the Petition could be realleged as a federal constitutional claim, the claim appears to be unexhausted since it does not correspond to any of the claims that petitioner listed as having been raised on direct appeal.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **March 11, 2013**. The clerk is directed to send petitioner's counsel a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he

3

exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

      Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: February 5, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE